IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LANE WAKLER, JR, ) | |
| AIS # 168559, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-510-SRW |
| ) | |
| B. J. WILSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Jerry Lane Walker ("Walker"), an indigent state inmate, initiated this 42 U.S.C. § 1983 challenging the constitutionality of actions taken against him during his arrest by law enforcement officials and upon his transfer to the Elmore County Jail. The order of procedure entered in this case specifically directed Walker to inform the court and the defendants immediately of any change in his address. *Order of August 24, 2015 - Doc. No. 8* at 5-6.

The court recently issued an order, a copy of which the Clerk mailed to Lane. *See Order of February 11, 2016 – Doc. No.*33. The postal service returned this order because Lane no longer resided at the address he had last provided to the court. In light of the foregoing, the court entered an order requiring that on or before March 14, 2016, Lane inform the court of his present address. *Order of February 29, 2016 - Doc. No. 34*. The order specifically advised Lane that this case could not proceed if his whereabouts remained and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id*. The court has received no response from Lane to the aforementioned order nor has he provided the court with his current address as required by the order of procedure.

As is clear from the foregoing, Lane has failed to comply with the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that Lane is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed.  *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the foregoing reasons, it is ORDERED and ADJUDGED that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

A separate Final Judgment will accompany this memorandum opinion.

DONE, this the 21st day of March, 2016.

/s/ Susan Russ Walker  
Susan Russ Walker  
Chief United States Magistrate Judge